**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-16-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ISAIAH STARR STANDINGROCK, | |
| Defendant. | |

## I.  Synopsis

Defendant Isaiah Starr Standingrock (Standingrock) has been accused of violating the conditions of his supervised release.  Standingrock admitted all of the alleged violations.  Standingrock's supervised release should be revoked. Standingrock should be placed in custody for 6 months, with 30 months of supervised release to follow.  Standingrock should serve the first 60 days of his supervised release in a secure inpatient drug treatment facility.  Standingrock should serve the following 180 days of his supervised release at a residential re-entry center.  This sentence should run current with the sentence imposed in Cause CR 18-63-GF-BMM-JTJ.

## II.  Status

Standingrock pleaded guilty to Possession with Intent to Distribute

Controlled Substances on March 1, 2022.  (Doc. 9).  The Court sentenced

Standingrock to 12 months and 1 day of custody, followed by 3 years of

supervised release.  (Doc. 15).  Standingrock's current term of supervised release

began on September 23, 2022.  (Doc. 19 at 3).

**Petition**

The United States Probation Office filed a Petition on October 27, 2022,

requesting that the Court revoke Standingrock's supervised release.  (Doc. 19).

The Petition alleged that Standingrock had violated the conditions of his

supervised release: 1) by using fentanyl; and 2) by failing to complete his inpatient

drug treatment program.

**Initial appearance**

Standingrock appeared before the undersigned for his initial appearance on

the Petition on November 8, 2022.  Standingrock was represented by counsel.

Standingrock stated that he had read the petition and that he understood the

allegations.  Standingrock waived his right to a preliminary hearing.  The parties

consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause

CR 18-63-GF-BMM-JTJ on November 8, 2022.  Standingrock admitted that he

2

had violated the conditions of his supervised release: 1) by using fentanyl; and

2) by failing to complete his inpatient drug treatment program.  The violations are

serious and warrant revocation of Standingrock's supervised release.

Standingrock's violations are Grade C violations.  Standingrock's criminal

history category is I.  Standingrock's underlying offense is a Class C felony.

Standingrock could be incarcerated for up to 24 months.  Standingrock could be

ordered to remain on supervised release for up to 36 months, less any custody time

imposed.  The United States Sentencing Guidelines call for a term of custody of 3

to 9 months.

### III.  Analysis

Standingrock's supervised release should be revoked.  Standingrock should

be incarcerated for 6 months, with 30 months of supervised release to follow.

Standingrock should serve the first 60 days of his supervised release in a secure

inpatient drug treatment facility.  Standingrock should serve the following 180

days of his supervised release at a residential re-entry center.  This sentence is

sufficient but not greater than necessary.  This sentence should run current with

the sentence imposed in Cause CR 18-63-GF-BMM-JTJ.

### IV.  Conclusion

The Court informed Standingrock that the above sentence would be

recommended to Chief United States District Judge Brian Morris.  The Court also

informed Standingrock of his right to object to these Findings and

Recommendations within 14 days of their issuance.  The Court explained to

Standingrock that Judge Morris would consider a timely objection before making

a final determination on whether to revoke his supervised release and what, if any,

sanction to impose.

The Court **FINDS:**

> That Isaiah Starr Standingrock violated the conditions of his supervised
> release: by using fentanyl; and by failing to complete his inpatient drug
> treatment program.

The Court **RECOMMENDS:**

> That the District Court revoke Standingrock's supervised release
> and commit Standingrock to the custody of the United States Bureau
> of Prisons for 6 months, with 30 months of supervised release to
> follow.  Standingrock should serve the first 60 days of his supervised
> release in a secure inpatient drug treatment facility.  Standingrock
> should serve the following 180 days of his supervised release at a
> residential re-entry center.  This sentence should run current with the
> sentence imposed in Cause CR 22-16-GF-BMM-JTJ.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 9th day of November , 2022.

John Johnston
United States Magistrate Judge